UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────────

RAMZIDDEN TROWELL,

                              Plaintiff,

                                                      9:16-cv-0466
v.                                                    (MAD/TWD)

GALIOTO, et al.,

                              Defendants.

─────────────────────────────────────────────

APPEARANCES:                                OF COUNSEL:

RAMZIDDEN TROWELL
Plaintiff, *pro se*
2970 W. 24th St.
Apt 15-E
Brooklyn, NY 11224

HON. LETITIA JAMES                          JOHN F. MOORE, ESQ.
Attorney General for the State of New York  Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, NY 12224


**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

### REPORT-RECOMMENDATION AND ORDER

This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred for a report and recommendation by the Honorable Mae A. D'Agostino, United

States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Currently pending

before the Court is Defendants' unopposed motion to dismiss for lack of prosecution pursuant to

Rules 37 and 41 of the Federal Rules of Civil Procedure.  (Dkt. No. 54.)  For the reasons that

follow, the Court recommends that Defendants' motion be granted.

## I.      BACKGROUND

Plaintiff Ramzidden Trowell, a former inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action on April 22, 2016, alleging violations of his constitutional rights while incarcerated at Greene Correctional Facility.  (Dkt. No. 1.)  The second amended complaint, accepted for filing on August 15, 2017, is the operative pleading.  (Dkt. No. 30.)  Defendants are Daniel Galioto, William Saleh, Jason Guilbeault, and Jeffrey Dolder.  *Id.*  The following claims remain: (1) Eighth Amendment excessive force claims against Galioto and Saleh; (2) Eighth Amendment claims that Dolder incited other inmates to attack Plaintiff and/or failed to protect him from harm; (3) Eighth Amendment failure to protect claim against Guilbeault; (4) First Amendment retaliation claim against Dolder; and (5) First Amendment free exercise claim against Galioto. (Dkt. No. 29.)

On August 29, 2017, the Court issued a Mandatory Pretrial Discovery and Scheduling Order.  (Dkt. No. 37.)  In that order, the Court granted Defendants leave to take Plaintiff's deposition.  *Id.* at 4.  The Order stated that:

> Defense counsel shall provide plaintiff[] with notice of the date of the deposition in the form provided in Rule 30(b)(1) and such notice shall be deemed sufficient if the notice is mailed to plaintiff[] at least fifteen (15) days prior to the scheduled date for the deposition.  The deposition may not commence until at least fifteen (15) days after defense counsel has filed a notice of compliance with [mandatory discovery] . . . .   The failure of the plaintiff[] to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37.

*Id.* at 4-5.  Discovery was ordered to be completed on or before February 27, 2018.  *Id*. at 5.

On October 2, 2017, Plaintiff filed a letter with the Court in a matter captioned *Trowell v. Garland*, *et al.*, No. 9:16-cv-1203 (MAD/TWD), advising, *inter alia*, he was scheduled to be

released from DOCCS custody on October 5, 2017, and updated his address to 2970 W. 24th

Street, Apt 15-E, Brooklyn, New York, 11224. *See Trowell v. Garland, et al.*, No. 9:16-cv-

01203 (MAD/TWD), Dkt. No. 33. On October 13, 2017, the Clerk's Office confirmed Plaintiff

was released from custody and updated Plaintiff's address to reflect his Brooklyn address in all

matters pending in this District, including the case at bar.[1] *See* Docket Report; *see also Trowell*

*v. Garland, et al.*, No. 9:16-cv-1203 (MAD/TWD), Text Entry 10/13/2017; *Trowel v. Santamore*,

*et al.*, No. 9:16-cv-0639 (MAD/TWD), Text Entry 10/13/2017; *Trowell v. Uhler, et al.*, No.

9:17-cv-1059 (TJM/CFH), Text Entry 10/13/2017.

On January 31, 2018, Defendants mailed a deposition notice to Plaintiff at his Brooklyn

address on file. (Dkt. No. 54-1 at ¶¶ 6, 7.) The deposition was scheduled for February 23, 2018,

at 10 a.m. at the Office of the Attorney General in Albany, New York. *Id.*; *see also* Dkt. No. 54-

2 at 4-6. On that date, after Plaintiff failed to appear for the 10 a.m. deposition, Defendants'

counsel called the telephone number on the docket and left a message. (Dkt. No. 54-1 at ¶ 8.)

*Id*. No telephone call was received back. *Id*. A record was made with the stenographer present

and the deposition was adjourned as Plaintiff failed to appear. *Id.*; *see also* Dkt. No. 54-2 at 8-

15.

On February 26, 2018, Defendants filed a letter motion requesting permission to make a

motion to dismiss for failure to prosecute or, in the alternative, requesting an order extending the

discovery and dispositive deadlines, and compelling Plaintiff to appear at a deposition on a date

certain at the Office of the Attorney General in Albany, New York. (Dkt. No. 47.) By Text

Order filed February 27, 2018, the letter motion was granted as follows:

---

[1] According to the publicly available website maintained by DOCCS, Plaintiff was released
from custody on October 6, 2017. *See* http://nysdoccslookup.doccs.ny.gov/ (inmate lookup DIN
14A4530) (last visited Jan. 9, 2019).

> discovery deadline extended to 4/30/2018; dispositive motions due
> 5/31/2018. Defendants must reschedule Plaintiff's deposition and
> provide Plaintiff with timely notice of the deposition. Plaintiff
> shall appear at the deposition as noticed. Defendants shall file
> status report regarding the Plaintiff's deposition by 4/16/2018.
> Plaintiff's failure to appear for the deposition as noticed may result
> in dismissal of the action for failure to prosecute and failure to
> follow Court directives.

(Dkt. No. 49.)

On March 29, 2018, Defendants mailed a deposition notice to Plaintiff at his Brooklyn

address on file. (Dkt. No. 54-1 at ¶ 11; *see also* Dkt. No. 21-26.) The deposition was scheduled

for April 23, 2018, at 10 a.m. at the Office of the Attorney General in Albany, New York. *Id*.;

*see also* Dkt. No. 54-2 at 4-6. Along with the deposition notice, a letter was sent to Plaintiff at

that address, providing, in relevant part:

> Enclosed is a Notice to take your deposition in this matter,
> scheduled for April 23, 2018 at 10:00 a.m., before a notary public
> or before some other officer authorized by law to administer oaths,
> by stenographic means, at the Office of the New York State
> Attorney General (Litigation Bureau), Empire State Plaza, Robert
> Abrams Building for Law and Justice (Third Floor), Albany, New
> York 12210.
>
> We had previously scheduled your Deposition for February 23,
> 2018 at our offices in Albany. You did not appear. We advised
> the Court of this, which issued an order on February 27, 2018
> (copy enclosed) which states in relevant part: **"Plaintiff's failure
> to appear for the deposition as noticed may result in dismissal
> of the action for failure to prosecute and follow Court
> directives."**
>
> Feel free to call me at 518-776-2293 if you have any questions.
> Thank you for your attention to this matter.

*Id*. at 12 (emphasis in original); *see also* Dkt. No. 54-2 at 21.

On April 17, 2018, this Court ordered Plaintiff to appear at the deposition as noticed for

April 23, 2018. (Dkt. No. 53.) Plaintiff was warned that his "failure to appear for the deposition

4

may result in this dismissal of the action for failure to prosecute and failure to follow court orders." *Id.*

Plaintiff failed to appear for his deposition on April 23, 2018. (Dkt. No. 54-1 at ¶ 14.) Defendants' counsel again called Plaintiff at the telephone number listed on the docket and left a message. *Id.* No telephone call was received back. *Id.* A record was made with the stenographer present and the deposition was adjourned as Plaintiff failed to appear. *Id.*; *see also* Dkt. No. 54-2 at 28-31.

On May 16, 2018, Defendants filed the pending motion pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure to dismiss the second amended complaint (Dkt. No. 30) based upon Plaintiff's repeated failures to appear for his deposition, failure to comply with the Court's discovery order, and failure to prosecute this action. (Dkt. No. 54.) Plaintiff was advised his response to the motion to dismiss was due by June 12, 2018. (Text Entry 05/16/2018.) Plaintiff has not filed a response, nor communicated with the Court seeking an extension of time in which to do so. (*See* Docket Report.)

## II.    DISCUSSION

"Every district court 'has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant for . . . disobeying the court's orders.'" *Mitchell v. Lyons Professional Services, Inc.*, 708 F.3d 463, 467 (2d Cir. 2013) (alteration in original) (quoting *Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002)); *see also Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (noting the district court's power to dismiss an action, while codified in the Federal Rules of Civil Procedure and elsewhere, is inherent).

Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."

Fed. R. Civ. P. 41(b).  Such a dismissal is "the harshest of sanctions," to be used against a *pro se* plaintiff's claim "only when the circumstances are sufficiently extreme."  *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) (per curiam) (citations omitted).

In determining whether such dismissal is appropriate, the court should consider (1) the duration of the delay occasioned by the plaintiff's conduct, (2) whether the plaintiff has received notice that further delay would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) the plaintiff's right to due process, and (5) the efficacy of lesser sanctions.  *Lucas v. Miller*, 84 F.3d 532, 535 (2d Cir. 1996); *Davis v. Citibank, N.A.*, 607 F. App'x 93, 94 (2d Cir. 2015).  No one factor is dispositive.  *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001).

Considering the first factor, Local Rule 41.2(a) states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."  N.D.N.Y.L.R. 41.2(a).  Indeed, courts have repeatedly dismissed cases because the plaintiff failed to prosecute for four months.  *See Phillips v. Proud*, No. 5:16-CV-1140 (LEK/ATB), 2018 WL 5620416, at *2 (N.D.N.Y. Oct. 30, 2018)[2] (collecting cases).  A review of this case's procedural history shows Plaintiff's inactivity began after he was released from DOCCS custody.  Since the time of his release in October 2017, Plaintiff has not contacted the Court to advise of any change in his address, nor provided any alternative means by which to communicate with him.  Plaintiff was advised of his obligation to maintain an updated address with the Court and warned that his failure to do may result in the dismissal of this action.  *See* N.D.N.Y.L.R. 41.2(b); *see also* Dkt. Nos. 7 at 13-14; 14 at 7.  Further, Plaintiff has not responded to the present motion and there is

---

[2]  The Court will provide Plaintiff with copies of unpublished decisions in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76, 76 (2d Cir. 2009) (per curium).

no basis for believing that a renewal of communication is imminent.  Thus, this factor weighs in favor of dismissal.

Regarding the second factor, "[t]he Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction."  *Folk v. Rademacher*, No. 00-CV-199S, 2005 WL 2205816, at *4 (W.D.N.Y. Sept. 9, 2005) (citing *Martens v. Thomann*, 273 F.3d 180-81).  Here, the Court has repeatedly informed Plaintiff that his failure to comply with Court orders may result in a dismissal of the action for failure to prosecute and failure to follow Court directives.  (Dkt. Nos. 1, 7, 37, 49, 53.)  Thus, this factor weighs in favor of dismissal.

Third, further delay would prejudice Defendants.  Plaintiff commenced this action on April 22, 2016.  (Dkt. No. 1.)  In the second amended complaint, Plaintiff alleges Defendants violated his rights under the First and Eighth Amendments, between November 30, 2015, and January 27, 2016, when (1) Galioto and Saleh used excessive force against him; (2) Dolder incited other inmates to attack Plaintiff and/or failed to protect him from harm; (3) Guilbeault failed to protect him Plaintiff; (4) Dolder retaliated against him for filing a grievance; and (4) Galioto prevented him from attending religious services.  (Dkt. No. 30 at 4-8.)  The events giving rise to the action allegedly occurred more than three years ago.  Plaintiff has not been deposed and the time within which to do so has long since expired.  (Dkt. No. 49.)  Further delay may well affect the parties' ability to locate witnesses, and to preserve evidence.  *See, e.g.*, *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (noting that passage of time would cause memories to fade); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (prejudice to defendants resulting from unreasonable delay may be presumed). Dispositive motions were due May 31, 2018.  (*See* Dkt. No. 49.)  Accordingly, this factor also weighs in favor of dismissal.  (Dkt. No. 49.)

As to the fourth factor, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case.  Plaintiff has failed to respond to the pending motion and thus has demonstrated little interest in being heard.  Simply put, "there is no indication that [Plaintiff] wishes to continue with this action." *Phillips v. Proud*, 2018 WL 5620416, at *2.  It is the need to monitor and manage cases such as this that delay the resolution of other cases.  Thus, this factor weighs in favor of dismissal.

Lastly, the Court has carefully considered sanctions less drastic than dismissal and finds them to be inadequate under the circumstances.  *See, e.g.*, *Jones v. Hawthorne*, No. 9:12-CV-1745 (GTS/RFT), 2014 WL 2533166, at *3 (N.D.N.Y. June 5, 2014) ("Without the ability to communicate with [the plaintiff] there is no meaningful way to procure his 'reappearance' to actively prosecute this action.  Moreover, simply waiting for him to comply with his obligations has not been, and is not likely to be, fruitful, since he failed to do so for some months now.").  Thus, this factor weighs in favor of dismissal.

After weighing the above factors with the special solicitude that must be afforded to *pro se* litigants, the Court finds dismissal for failure to prosecute is warranted in this case.  Therefore, the Court recommends that Defendants' motion to dismiss pursuant to Rule 41 be granted.  Nonetheless, because dismissal with prejudice is a harsh remedy to be utilized only in extreme situations, *Baptiste*, 768 F.3d at 217, courts have discretion to recommend that dismissal for failure to prosecute be without prejudice.[3]  *See, e.g.*, *Jones v. Hawthorne*, 2014 WL 2533166, at *2 (dismissing complaint without prejudice pursuant to Rule 41 for failure to prosecute where *pro se* plaintiff was released from DOCCS custody and failed to provide the Court with an

---

[3]  Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).

updated address); *Grace v. New York*, No. 10 Civ. 3853 (LTS/GWG), 2010 WL 3489574, at *2 (S.D.N.Y. Sept. 7, 2010) (same) (collecting cases). However, because the alleged events giving rise to Plaintiff's claims occurred more than three years ago, the statute of limitations has now passed. Therefore, the Court recommends dismissing Plaintiff's with prejudice for failure to prosecute. *See, e.g.*, *Phillips v. Proud*, 2018 WL 5620416, at *3 (dismissing *pro se* prisoner's time barred claims with prejudice for failure to prosecute).

In light of the foregoing, the Court finds dismissal would also be an appropriate sanction under Rule 37 of the Federal Rules of Civil Procedure for Plaintiff's failure to attend his own deposition and repeated opportunities to do so. *See* Fed. R. Civ. P. 37; *see Phelan v. Campbell*, 507 F. App'x 14, 15 (2d Cir. 2013) (affirming dismissal of *pro se* prisoner's complaint pursuant to Rule 37 as a sanction for plaintiff's failure to submit to a deposition). "Since courts consider the same factors applicable to Rule 41(b) when considering dismissal pursuant to Rule 37, no additional analysis is necessary." *Pichardo v. Karandy*, No. 9:10-cv-104 (MAD/CFH), 2013 WL 252975, at *2 n.2 (N.D.N.Y. Jan. 23, 2013) (quotation marks and alterations omitted) (collecting cases). Therefore, the Court also recommends that Defendants' motion to dismiss pursuant to Rule 37 be granted.

## III.    CONCLUSION

After carefully reviewing the entire record in this matter, Defendants' submission and the applicable law, and for the above-stated reasons, the Court recommends granting Defendants' motion to dismiss the second amended complaint pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure based upon Plaintiff's failure to appear for his deposition, failure to comply with Court Orders, and failure to prosecute this action.

**WHEREFORE**, it is hereby

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 54) be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff at his address on file, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[4] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: January 30, 2019
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

2018 WL 5620416
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Clifton PHILLIPS, Plaintiff,

v.

David PROUD, et al., Defendants.

5:16-CV-1140 (LEK/ATB)
|
Signed 10/30/2018

**Attorneys and Law Firms**

Clifton Phillips, Syracuse, NY, pro se.

Khalid Bashjawish, Ramona L. Rabeler, City of Syracuse Corporation Counsel, Syracuse, NY, Christopher J. Hummel, New York State Attorney General, Albany, NY, for Defendants.

## DECISION AND ORDER

Lawrence E. Kahn, U.S. District Judge

## I. INTRODUCTION

 *1 Plaintiff Clifton Phillips brought this pro se civil-rights action under 42 U.S.C. § 1983, alleging that defendant police officers, government officials, and governmental entities violated his Fourth, Fifth, and Sixth Amendment rights. Dkt. No. 1 ("Complaint"). Now before the Court is Defendants' motion to dismiss for failure to prosecute. Dkt. No. 54 ("Motion"); see also Dkt. Nos. 55 ("Balagh Affidavit"), 56 ("Memorandum"). Plaintiff has not responded to the Motion. For the reasons set forth below the Motion is granted and the Complaint is dismissed.

## II. BACKGROUND

### A. Factual Background
The Court assumes familiarity with the facts alleged by Plaintiff in his Complaint and summarized by the Honorable Andrew T. Baxter, U.S. Magistrate Judge, in his preliminary review of the Complaint pursuant to 28 U.S.C. § 1915. Compl.; Dkt. No. 9 ("Report-Recommendation") at 3 7. In short, though, Plaintiff alleged that Defendants violated (1) his Fourth

Amendment rights by engaging in an illegal search and seizure on July 21, 2015; (2) his Fifth Amendment rights by manufacturing false evidence against him; and (3) his Sixth Amendment rights by maliciously prosecuting him for crimes he did not commit.

### B. Procedural Background
On July 12, 2017, the Court, via text order, advised Plaintiff that failure to notify the Court of a change of address or to otherwise comply with Court orders may result in the imposition of sanctions, including possible dismissal of his action. Dkt. No. 39. At a July 27, 2017 teleconference, the Court explained the litigation process to the Plaintiff and set a pretrial schedule. Dkt. No. 43. The cutoff for discovery was set for January 16, 2018. Dkt. No. 44. At an October 18, 2017 teleconference, at which Plaintiff appeared, defense counsel advised that discovery demands and a request for Plaintiff to authorize the release of his underlying state court criminal records had been served on Plaintiff, but that these documents demands had gone unanswered and would be re-served. Oct. 18, 2017 Docket Entry.

Plaintiff failed to attend the next teleconference on December 13, 2017. Dec. 13, 2017 Docket Entry. In a text order later that day, Plaintiff was again warned that failure to comply with his discovery obligations or the orders of the Court may result in the imposition of sanctions, including possible dismissal of his action. Dkt. No 47.

At the January 4, 2018 teleconference, at which Plaintiff appeared, defense counsel advised the Court that he had re-served the discovery demands on Plaintiff, but had not received a response. Jan. 4, 2018 Docket Entry. Plaintiff stated that he was having difficulty responding to discovery demands. Id. In a text order later that day, the Court directed Plaintiff to respond to the outstanding discovery demands, and again advised him that his failure to comply may result in dismissal. Dkt. No. 48.

As of the date of this Decision and Order, Plaintiff has failed to respond to Defendants' discovery demands or requests. Mot. at 8. Plaintiff has not communicated with the Court since January 4, 2018. Docket.

## III. LEGAL STANDARD
 *2 Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal "[i]f the plaintiff fails to prosecute

or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Such a dismissal is "the harshest of sanctions," to be used against a pro se plaintiff's claim "only when the circumstances are sufficiently extreme." Baptiste v. Sommers, 768 F.3d 212, 217 (2d Cir. 2014) (per curiam) (citations omitted). A Rule 41(b) dismissal must also "be proceeded by particular procedural prerequisites," including notice. Id. (quoting Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013) ). "A district court considering a Rule 41(b) dismissal must weigh five factors," no one of which is generally dispositive:

> (1) [T]he duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Id. at 216 (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) ).

Local Rule 41.2(a) states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." Courts have repeatedly dismissed cases because the plaintiff failed to prosecute for four months. See, e.g. Deptola v. Doe, No. 04-CV-1379, 2005 WL 2483341, at *2 (E.D.N.Y. Oct. 7, 2005); Wilson v. Oxford Health Plans (N.Y.), Inc., No. 01-CV-3417, 2002 WL 1770813, at *2 4 (S.D.N.Y. July 31, 2002); Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc., No. 99-CV-9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000).

## IV. DISCUSSION

In this case, the Baptiste factors weigh in favor of dismissal. First, by January 4, 2018, Plaintiff had been served discovery demands and had been directed by the Court to respond to them. Jan. 4, 2018 Docket Entry. But some nine months later, Plaintiff still has not done so, well in excess of the four-months that create a presumption of lack of prosecution under the Local Rules. There is no basis for believing that a renewal of communication is imminent. Second, the Court has repeatedly informed Plaintiff that his failure to notify the Court of a change of address or comply with orders of the Court may result in sanctions, including dismissal of his Complaint. Dkt. No. 39, 47 48. Third, further delay would prejudice Defendants. The discovery period in this case was scheduled to close by January 16, 2018, Dkt. No. 44, but discovery has been delayed due to Plaintiff's absence from the case. Fourth, continued delay cannot vindicate Plaintiff's interest in receiving an opportunity to be heard unless he offers some indication that he intends to take up that opportunity. Yet Plaintiff has made no such indication. Fifth, and finally, "there is nothing in the record to suggest that a sanction less serious than dismissal will resolve the plaintiff's failure to cooperate." Singleton v. City of New York, No. 14-CV-9355, 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015). A financial penalty may be even stronger medicine than dismissal for a pro se plaintiff proceeding in forma pauperis.

Simply put, "[t]here is no indication that [Plaintiff] wishes to continue with this action." Garcia v. Tal on 1st Inc., No. 14-CV-9042, 2016 WL 205442, at *2 (S.D.N.Y. Jan. 15, 2016). The "circumstances are sufficiently extreme" to warrant dismissal. Id. (quoting Lucas, 84 F.3d at 535); see also, e.g., Osborn v. Montgomery, No. 15-CV-9730, 2018 WL 2059842, at *1 2 (S.D.N.Y. May 1, 2018) (adopting magistrate judge's recommendation of dismissal after a pro se litigant's failure to update his address and communicate with the court or opposing counsel caused a five-month delay in proceedings).

*3 Accordingly, this case is dismissed.

The exact timing of the alleged malicious prosecution is unclear from the Complaint, but for the alleged July 21, 2015 wrongdoing underlying all other claims, the three-year statute of limitations has passed. N.Y. C.P.L.R. § 214(5). Accordingly, dismissal for all claims except for the malicious prosecution claim shall be with prejudice. While the Court has discretion to likewise dismiss the malicious prosecution claim with prejudice, the Court dismisses that claim without prejudice, in light of Plaintiff's pro se status.

## V. CONCLUSION

2018 WL 5620416

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No. 54) is **GRANTED**, and the Complaint is **DISMISSED with prejudice** as to all claims except for the malicious prosecution claim, which is **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2018 WL 5620416

---

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

2005 WL 2205816
Only the Westlaw citation is currently available.
United States District Court,
W.D. New York.

Wattie FOLK, Plaintiff,

v.

P. RADEMACHER, et al., Defendants.

No. 00-CV-199S.
|
Sept. 9, 2005.

**Attorneys and Law Firms**

Wattie Folk, Great Meadow Corr. Facility, Comstock, NY, pro se.

William Lonergan, New York State Attorney General's Office, Stephen F. Gawlik, Assistant Attorney General, Buffalo, NY, for Defendants.

DECISION AND ORDER

SKRETNY, J.

I. INTRODUCTION

**\*1** Plaintiff commenced this action under 42 U.S.C. § 1983 on March 3, 2000, by filing a Complaint in the United States District Court for the Western District of New York. Presently before this Court is a Motion to Dismiss filed by the remaining defendants in this case-P. Rademacher, Sgt. Stachewiez, Lt. Hendel, W.Kelley, Hartman, Fleming, Booker, Piasa and Sgt. Baker ("Defendants")-on September 2, 2004. Defendants bring their motion pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure. This is the third motion filed by Defendants on these grounds. For the reasons stated below, Defendants' motion is granted and this case is dismissed with prejudice.

II. BACKGROUND

This motion arises from a discovery ruling issued by the Honorable Hugh B. Scott, United States Magistrate Judge. On October 15, 2002, Defendants filed a Motion

to Compel Plaintiff to respond to their First Set of Interrogatories because Plaintiff's initial response had been inadequate. On May 27, 2003, Judge Scott granted Defendants' Motion to Compel and directed Plaintiff to file appropriate interrogatory responses within twenty days. Despite being granted an extension of time in which to respond, Plaintiff failed to file his interrogatory response. As a result, on August 19, 2003, Defendants filed a Motion to Dismiss pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure.

On November 5, 2003, this Court denied Defendants' Motion to Dismiss after Plaintiff satisfactorily explained the reason he failed to comply with Judge Scott's Order. This Court granted Plaintiff an additional thirty days within which to file his response to Defendants' First Set of Interrogatories. Plaintiff filed and served his response to Defendants' First Set of Interrogatories on November 21, 2003. This response, however, was simply a photocopy of the response Plaintiff initially filed on August 29, 2002, the one Judge Scott found to be inadequate.

Consequently, Defendants filed a second Motion to Dismiss on December 19, 2003. Plaintiff filed a response in opposition. Therein, Plaintiff did not deny that he simply re-filed his initial interrogatory response. Rather, he argued that Judge Scott did not have dispositive jurisdiction, and therefore lacked the proper authority to find his initial interrogatory response inadequate. Further, Plaintiff argued that he did not fail to respond as Defendants alleged because he did indeed file a response.

On May 24, 2004, this Court denied Defendants' Second Motion to Dismiss. In doing so, however, this Court rejected Plaintiff's arguments and excuses for not complying with Judge Scott's Order. Nonetheless, because Plaintiff is proceeding *pro se,* this Court determined that granting the relief Defendants requested would be too drastic a measure at that stage of the litigation. *See Bobal v. Rensselaer Polytecnic Inst.,* 916 F.2d 759, 764 (2d Cir.1990) ( "dismissal with prejudice [under Rule 37] is a harsh remedy to be used only in extreme situations ..."). This Court warned Plaintiff that his lawsuit may be dismissed with prejudice if he did not file and serve appropriate responses to Defendants' First Set of Interrogatories within thirty days. *Cf. id.* at 764 (discussing that a court may dismiss an action brought by a *pro se* plaintiff if such plaintiff has been advised by

the court that further non-compliance with a court order could result in dismissal of the case with prejudice).

**\*2** On June 17, 2004, Plaintiff filed a Motion to Extend the thirty-day response deadline. By Order filed July 7, 2004, this Court directed Defendants to provide Plaintiff with another copy of their First Set of Interrogatories, extended Plaintiff's deadline to respond to August 30, 2004, and warned Plaintiff that this was his final extension of time and that his failure to respond could result in his case being dismissed with prejudice. On August 13, 2004, Plaintiff filed his response to Defendants' First Set of Interrogatories.

On September 2, 2004, Defendants filed their instant Third Motion to Dismiss pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure. By Order filed October 7, 2004, this Court directed Plaintiff to file a response to Defendants' motion on or before October 29, 2004. On October 29, 2004, Plaintiff filed a Motion for Extension of Time to respond. By Order filed November 4, 2004, this Court extended Plaintiff's response deadline to November 29, 2004, and warned Plaintiff that his failure to file a response could lead to Defendants' motion being granted as uncontested. To date, Plaintiff has not filed a response to Defendants' motion.

## III. DISCUSSION

A. Dismissal under Rule 41(b) For Failure to Prosecute
This case first warrants dismissal based on Plaintiff's failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join

a party under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Rule 41(b) does not define what constitutes failure to prosecute. However, the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir.1982). Dismissal pursuant to Rule 41(b) falls within the court's discretion. *See id.* at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion"). It is, however, "a harsh remedy to be utilized only in extreme situations." *Harding v. Fed. Reserve Bank,* 707 F.2d 46, 50 (2d Cir.1983) (quoting *Theilmann v. Rutland Hosp., Inc.,* 455 F.2d 853, 855 (2d Cir.1972) (per curiam); *see also Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 665 (2d Cir.1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive"). This is particularly true in cases involving *pro se* litigants, where dismissal for failure to prosecute should only be granted "when the circumstances are sufficiently extreme." *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996) (citing *Nita v. Connecticut Dep't of Envtl. Prot.,* 16 F.3d 482, 487 (2d Cir.1994)).

**\*3** The following factors, none of which is dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate. *See United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 255 (2d Cir.2004); *Nita,* 16 F.3d at 485; *Feurtado v. City of New York,* 225 F.R.D. 474, 477 (S.D.N.Y.2004) (quoting *Jackson v. City of New York,* 22 F.3d 71, 74 (2d Cir.1994)). In the present case, these factors weigh in favor of dismissal.

### 1. Duration of Failures

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration. See *Norden Sys.,* 375 F.3d at 255.

In this case, Plaintiff has failed in two ways. First, as noted above, Plaintiff has failed to respond to Defendants' Third Motion to Dismiss, despite twice being directed by this Court to do so. Second, and more significant, Plaintiff has failed to adequately comply with Judge Scott's discovery Order of May 27, 2003. Plaintiff has been afforded numerous opportunities to file an appropriate response to Defendants' First Set of Interrogatories. This Court alone has twice extended Plaintiff the benefit of the doubt by denying two Motions to Dismiss for Plaintiff's failure to engage in discovery. While Plaintiff did, in fact, file a response to Defendants' First Set of Interrogatories on August 13, 2004, his response is wholly inadequate. Plaintiff's response contains multiple objections to Defendants' basic interrogatory requests and does not provide anything by way of meaningful discovery. In fact, no useful information whatsoever is contained in Plaintiff's response. Clearly, Plaintiff alone is responsible for repeatedly filing inadequate responses to Defendants' discovery request. As a result, Defendants still have not received any meaningful response to their interrogatory requests.

With respect to the second inquiry, which concerns the duration of Plaintiff's failures, it has been almost one year that Plaintiff has failed to file a response to Defendants' Third Motion to Dismiss. The delay caused by Plaintiff's failure to response to Defendants' interrogatory request is even more significant. Defendants filed and served their First Set of Interrogatories on August 17, 2001. It has thus been more than *four years* and Plaintiff still has not filed an adequate response. This is a failure of significant duration. Cf. *Chira,* 634 F.2d at 666-67 (delay of six months sufficient to warrant dismissal for failure to prosecute); *Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc.,* No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov.8, 2000) (delay of four months warranted dismissal). Thus, this Court finds that this factor weighs in favor of dismissal. In this Court's view, all delay in this case is attributable to Plaintiff and it is of significant duration.

### 2. Notice of Dismissal

**\*4** The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction. See *Martens v. Thomann,* 273 F.3d 159, 180-81 (2d Cir.2001). In the present case, Plaintiff had adequate notice. First, both the initial Scheduling Order on Defendants' Third Motion to Dismiss and the Order granting Plaintiff's request for an extension of time warned Plaintiff that his failure to file a response as directed could lead to Defendants' motion being granted as uncontested. Second, this Court's Decision and Order denying Defendants' First Motion to Dismiss explicitly stated that Defendants were free to seek dismissal of Plaintiff's Complaint if he failed to respond to the First Set of Interrogatories as directed. Moreover, this Court's Decision and Order denying Defendants' Second Motion to Dismiss warned Plaintiff that his failure to file appropriate responses to Defendants' First Set of Interrogatories could result in this action being dismissed with prejudice. Because Plaintiff was repeatedly put on notice that his case could be dismissed due to his continued inaction, this factor strongly weighs in favor of dismissal. See *Lyell Theatre,* 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned by opposing counsel and the court that dismissal for failure to prosecute was possible).

### 3. Prejudice to Defendants

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." *Lyell Theatre,* 682 F.2d at 43 (citations omitted). In *Lyell Theatre,* the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. *Id.* at 39-40, 43. Similar to the present case, the plaintiff in *Lyell Theatre* continued to ignore the court's orders even after he had been warned that he was risking dismissal. *Id.* at 39. Under *Lyell Theatre,* the prejudice to Defendants in this case may be presumed. Thus, this factor weighs in favor of dismissal.

### 4. Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. *See Norden Sys.,* 375 F.3d at 257. In this regard, " 'a court must not let its zeal for a tidy calendar overcome its duty to justice.' " *Feurtado,* 225 F.R.D. at 480 (quoting *Davis v. United Fruit Co.,* 402 F.2d 328, 331 (2d Cir.1968)). Plaintiff's failure to comply with Judge Scott's discovery order has resulted in this Court having to prepare and file numerous scheduling orders, as well as decide three separate motions to dismiss. While this has been a needless expenditure of judicial resources, this Court cannot conclude that the overall effect on docket congestion has been significant.

**\*5** This Court notes, however, that Plaintiff has been afforded Due Process rights in that he has been provided numerous opportunities to comply with the Orders of this Court. Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process. *See Dodson v. Runyon,* 957 F.Supp. 465, 470 (S.D.N.Y.1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); *cf. Feurtado,* 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

5. Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. *See Norden Sys.,* 375 F.3d at 257. Upon reviewing the entire record in this case, it is the opinion of this Court that Plaintiff has no intention of complying with this Court's Orders or properly litigating this case. Plaintiff has repeatedly ignored court orders by failing to file a response to Defendants' Third Motion to Dismiss and to Defendants' First Set of Interrogatories. Given the procedural history of this case, this Court finds that any sanction short of dismissal would be ineffective. *See Smith v. Human Res. Admin. of New York City,* 2000 WL 307367, at \*3 (S.D.N.Y. Mar.24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); *Alevizopoulos,* 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

B. Dismissal under Rule 37(b) For Failure to Comply with Discovery Orders

"A district court may impose sanctions when 'a party ... fails to obey an order to provide or permit discovery.' " *Burns v. Imagine Films Entm't, Inc.,* 164 F.R.D. 594, 598 (W.D.N.Y.1996) (quoting FED. R. CIV. P. 37(b)). Rule 37 of the Federal Rules of Civil Procedure, which concerns the discovery obligations of civil litigants, vests district courts with "broad power" and discretion to impose sanctions, including dismissal, on parties who fail to adhere to discovery orders. *See Friends of Animals, Inc. v. United States Surgical Corp.,* 131 F.3d 332, 334 (2d Cir.1997) (per curiam); *see also Jones v. J.C. Penney's Dep't Stores, Inc.,* 228 F.R.D. 190, 195 (W.D.N.Y.2005) (identifying dismissal of the action as an available sanction under Rule 37); *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.,* No. 03 Civ. 5562, 2005 WL 1958301, at \*9 (S.D.N.Y. Aug. 16, 2005).

**\*6** While Rule 37 dismissal is a drastic remedy to be reserved only for extreme circumstances, it "is warranted ... where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.,* 845 F.2d 1172, 1176 (2d Cir.1988) (and cases cited therein); *see also Societe Int'l v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (sanctions under Rule 37 justified where responding party has control over information requested and fails or refuses production without showing of inability to comply with court's order). Moreover, "dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir.1994) (per curiam).

For all of the reasons discussed above, this Court finds that dismissal of this case is also proper under Rule 37(b) for Plaintiff's failure to comply with discovery orders.

IV. CONCLUSION

Mindful of the fact that *pro se* cases should not easily be dismissed for procedural deficiencies, this Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies, and constitute actual neglect. Plaintiff has failed to diligently prosecute this action in any manner, and has failed to comply with orders of this Court. As such, because each of the factors relevant to the Rule 41(b) and Rule 37(b) analysis favor dismissal, this Court will dismiss this case with prejudice.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendants' Third Motion to Dismiss (Docket No. 145) is GRANTED.

FURTHER, that this case is dismissed with prejudice pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2005 WL 2205816

---

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

2014 WL 2533166
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Dwayne JONES, Plaintiff,

v.

Dr. Amber HAWTHORNE, Doctor,
Upstate Correctional Facility, Defendant.

No. 9:12–CV–1745 (GTS/RFT).
|
Signed June 5, 2014.

**Attorneys and Law Firms**

Dwayne Jones, Malone, NY, pro se.

Hon. Eric T. Schneiderman, Attorney General for
the State of New York, Joshua E. Mcmahon, Esq.,
Assistant Attorney General, of Counsel, Albany, NY, for
Defendant.

### DECISION and ORDER

GLENN T. SUDDABY, District Judge.

**\*1** Currently before the Court, in this *pro se* prisoner
civil rights action filed by Dwayne Jones ("Plaintiff")
against the above-captioned New York State correctional
employee ("Defendant"), is United States Magistrate
Judge Randolph F. Treece's Report Recommendation
recommending that Plaintiff's Complaint be dismissed
pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute the
action or comply with the procedural rules or orders of the
Court. (Dkt. No. 29.) Plaintiff has not filed an objection
to the Report Recommendation, and the deadline by
which to do so has expired. (*See generally* Docket
Sheet.) After carefully reviewing the relevant filings in this
action, the Court can find no clear error in the Report
Recommendation: Magistrate Judge Treece employed
the proper standards, accurately recited the facts, and
reasonably applied the law to those facts. As a result, the
Court accepts and adopts the ReportRecommendation
for the reasons stated therein. (Dkt. No. 29.)

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Treece's Report
Recommendation (Dkt. No. 29) is ***ACCEPTED*** and
***ADOPTED*** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is
***DISMISSED*** without prejudice pursuant to Fed.R.Civ.P.
41(b).

### REPORT–RECOMMENDATION and ORDER

RANDOLPH F. TREECE, United States Magistrate
Judge.

Plaintiff Joseph Bloomfield commenced this action *pro se*
in November 2012, seeking relief, pursuant to 42 U.S.C.
§ 1983, for alleged violations of his constitutional rights.
Dkt. No. 1, Compl. At the time of the initiation of this
action, Plaintiff was in the custody of the New York State
Department of Corrections and Community Supervision
("DOCCS") and was incarcerated at Upstate Correctional
Facility.

On March 22, 2013, the Honorable Glenn T. Suddaby,
United States District Judge, conducted an initial
screening of Plaintiff's Complaint. Dkt. No. 12. After
directing dismissal of certain claims and Defendants,
Judge Suddaby directed service on the remaining
Defendant, Amber Hawthorne.   Dkt. No. 12. Within
that Decision and Order, Judge Suddaby advised Plaintiff
of his obligation to maintain an updated address with the
Court and opposing counsel. Specifically, Judge Suddaby
stated: "**Plaintiff is also required to promptly notify the
Clerk's Office and all parties or their counsel of any change
in his address; plaintiff's failure to do so will result in the
dismissal of this action.**" *Id.* at p. 23 (emphasis in original).

1    Plaintiff's request to proceed with this action *in
forma pauperis* ("IFP ) was granted and the United
States Marshal was directed to effectuate service on
Plaintiff's behalf. Dkt. No. 12; *see also* 28 U.S.C. §
1915.

On April 22, 2013, Defendant filed a Motion seeking
revocation of Plaintiff's *in forma pauperis* ("IFP"),
pursuant to 28 U.S.C. § 1915(g), for having allegedly
accumulated three or more "strikes" prior to initiating
this action. [2] Dkt. No. 18. On May 8, 2013, while still
in DOCCS's custody, Plaintiff filed his Opposition to
that Motion. Dkt. No. 23. Thereafter, on February 12,

2014, this Court issued a Decision and Order denying the Motion because Plaintiff had not accumulated three strikes prior to initiating this action; Defendant was directed to respond to the Complaint. [3] Dkt. No. 4. A copy of that Decision and Order was mailed to Plaintiff at his last known address as reflected on the Docket Report. However, on February 18, 2014, that Decision and Order was returned to the Court as undeliverable. Dkt. No. 25. In the meantime, Defendant complied with the Court's direction and filed her Answer, Dkt. No. 26, and a Mandatory Pretrial Discovery and Scheduling Order was issued, setting forth various deadlines for the progression of this action, Dkt. No. 27. A copy of that Order was likewise mailed to Plaintiff at his last known address and was, on March 10, 2014, similarly returned as undeliverable. Dkt. No. 28.

[2]    In *lieu* of an answer, Defendant filed a Motion to Dismiss. Dkt. No. 18. However, because the relief sought was revocation of Plaintiff's IFP status, which is not dispositive in nature, the Clerk was directed to reflect that the Motion to Dismiss was, in actuality, a motion seeking revocation of IFP status. Dkt. No. 20. In rendering this Order, this Court further noted that this was a non dispositive issue to be decided by the undersigned directly and not upon referral from the District Judge. *Id.* We further stayed Defendant's time to respond to the Complaint pending a determination on the Motion. *Id.*

[3]    As noted in that Decision and Order, one of the proposed strikes offered by Defendant was a dismissal of a *habeas corpus* petition. During the pendency of the Defendant's Motion, the Second Circuit issued its decision in *Jones v. Smith,* 720 F.3d 142, 147 (2d Cir.2013), putting to rest the conflict among the District Courts by ruling that dismissals of *habeas* petitions challenging a prisoner's conviction and duration of confinement do not constitute strikes for purposes of the Prison Litigation Reform Act. Dkt. No. 24 at p. 4 & n. 2.

**\*2** According to information publically available on the New York State DOCCS website, Plaintiff was released from DOCCS custody on July 26, 2013, after serving the maximum time of incarceration for his underlying state conviction. *See* N.Y. S. DOCCS Inmate Information website, *available at* http:// nysdocslookup.doccs.ny .gov (information obtained for DIN# 11 A 1561). Since the time of such release, Plaintiff has not contacted this Court to advise of any change in his address.

In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**" (emphasis in original)). A party's failure to provide such information is grounds for dismissal. N.D.N.Y.L.R. 41.2(b). As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff,* 1996 WL 172699, at * 1 (N.D.N.Y. Apr. 10, 1996) (citations omitted).

Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord,* 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin,* 177 F.R.D. 126 (N.D.N.Y.1988); *Morgan v. Dardiz,* 177 F.R.D. 125 (N.D.N.Y.1998); *Williams v. Faulkner,* 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff,* 1996 WL 172699.

It appears that the last communication received from Plaintiff in this case was ten months ago when, on May 8, 2013, the Court received his Opposition to Defendant's Motion. Dkt. No. 23. Because the Defendant's Motion was fully briefed, we would not have expected any communication from Plaintiff during these ten months, except in certain circumstances such as providing the

Court with an updated address. It is clear that in late-July 2013, Plaintiff's address changed, yet there is no indication that Plaintiff attempted to update his address with the Court. Such inaction constitute grounds for dismissal.

Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see* Link v. Wabash R.R. Co., 370 U.S. 626 (1962). [4] This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See* Freeman v. Lundrigan, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir.2009); Lucas v. Miles, 84 F.3d 532, 534 35 (2d Cir.1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir.2004).

[4]      It is well settled that the term "these rules   in Rule 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See* Tylicki v. Ryan, 244 F.R.D. 146, 147 (N.D.N.Y.2006).

**\*3** In this case, Plaintiff was released from DOCCS custody on July 26, 2013, over seven months ago, yet, we have never received an updated address, nor any alternative means by which to communicate with him. Plaintiff's failure to provide an updated address and make any inquiries as to this action evidences his apparent abandonment of this case and evinces an intent to not prosecute this action. The Court finds that this period of noncompliance with the requirement that he notify the Clerk's Office and Defendant of his current address weighs in favor of dismissal. Moreover, the Court finds that Plaintiff was afforded proper notice of his obligation

to advise the Court and counsel of his address and the consequences of his failure to comply. Any further warnings to Plaintiff would naturally fall on deaf ears as we have no way of contacting him.

The Court also finds that Defendant is likely to be prejudiced by further delay in the proceedings, which may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence. A Scheduling Order was recently issued which directs the exchange of certain discovery amongst the parties. Yet, Defendant has no ability to comply with the Court's Order if she cannot communicate with Plaintiff. With regard to the fourth factor, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case, and weighs in favor of the dismissal of this action.

Lastly, the Court has carefully considered sanctions less drastic than dismissal. Without the ability to communicate with Plaintiff, however, there is no meaningful way to procure his "reappearance" to actively prosecute this action. Moreover, simply waiting for him to comply with his obligations has not been, and is not likely to be, fruitful, since he has failed to do so for some months now. As a result, the Court finds that the fifth factor also weighs in favor of dismissal.

In sum, in light of the fact that Plaintiff cannot be located or communicated with at his address of record, and given his failure to comply with his obligation to advise the Court and counsel of any change in his address, we recommend that this action be dismissed. Nevertheless, in light of Plaintiff's *pro se* status, we recommend that the dismissal of this action be without prejudice. [5]

[5]      Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits. FED. R. CIV. P. 41(b).

**WHEREFORE,** it is hereby

**RECOMMENDED,** that this action be **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Report   Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. *FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW. Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15 (2d Cir.1989)); *see also* 28 U.S.C. § 636(b) (1); FED. R. CIV. P. 72 & 6(a).

**\*4** Filed March 13, 2014.

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 2533166

---

**End of Document**                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

2010 WL 3489574
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
S.D. New York.

Rodney GRACE, Petitioner,
v.
State of NEW YORK, Respondent.

No. 10 Civ. 3853(LTS)(GWG).
|
Sept. 7, 2010.

*REPORT & RECOMMENDATION*

GABRIEL W. GORENSTEIN, United States Magistrate Judge.

*FACTS*

**\*1** Rodney Grace, proceeding *pro se,* brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking review of his state court conviction. *See* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, filed May 11, 2010 (Docket # 2). At the time of the filing, Grace was detained at Anna M. Cross Center at Rikers Island Correctional Facility. *See id.* This Court issued an order on May 20, 2010, directing the respondent to file an answer by July 20, 2010. *See* Order, filed May 20, 2010 (Docket # 4) ("May 20, 2010 Order").

This Order was mailed to the address on the complaint the Anna M. Cross Center and it was returned as undeliverable with a hand written notation "no such inmate in system by name." In response, the undersigned stayed the May 20, 2010 Order, ordered Grace to provide the Court with an address at which he could be reached, and informed him that if he failed to respond, his petition would be dismissed. *See* Order, dated June 2, 2010 (Docket # 5) ("June 2, 2010 Order"). A copy of this order was sent to a prison number that was supplied in Grace's papers.

On June 7, 2010, Grace filed a letter with the Clerk of Court providing a new address at the Ulster Correctional

Facility in Napanoch, New York, where he stated he was being held on a parole violation. *See* Change of Address, filed June 7, 2010 (Docket # 6). The court vacated the June 2, 2010 Order and reinstituted the deadlines set forth in the May 20, 2010 Order. *See* Order, filed June 9, 2010 (Docket # 7) ("June 9, 2010 Order").

A copy of the June 9, 2010 Order was sent to Grace at the Ulster Correctional Facility but was returned as undeliverable with the handwritten notation "Released No Forwarding Address on file." *See* Order, filed June 17, 2010 (Docket # 8). The Court's own inquiry into the State prisoner locator system confirmed his release. Additionally, the records of New York City's Department of Correction did not reflect that Grace was in its custody. Once again, the undersigned stayed the May 20, 2010 Order. *Id.* The Court further ordered that if Grace did not provide an address at which he could be reached within 60 days, his "petition will be dismissed." *Id.* To date, the Court has received no communication from petitioner. In addition, there is no "Rodney Grace" in either the City or State correctional systems according to their websites.

*DISCUSSION*

Fed.R.Civ.P. 41(b) provides, in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." While the text of Rule 41(b) addresses only the situation in which a defendant moves for dismissal, "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) ( "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")). Unless the court specifies otherwise, Rule 41(b) provides that dismissal "operates as an adjudication on the merits."

**\*2** While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, *see Martens v. Thomann,* 273 F.3d 159, 180 (2d Cir.2001), a district court is not required to discuss these factors in dismissing a case as long as an explanation is given for the dismissal, *see id.; Lucas v.*

*Miles,* 84 F.3d 532, 535 (2d Cir.1996). Here, it is sufficient to say that this case cannot proceed without Grace's participation, and he has provided no method by which the Court can inform him of his obligations in this case or its outcome. Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached. *See, e.g., Fate v. Doe,* 2008 WL 1752223, at *2 (S.D.N.Y. Apr.16, 2008); *Coleman v. Doe,* 2006 WL 2357846, at *3 (E.D.N.Y. Aug.14, 2006); *Dong v. United States,* 2004 WL 385117, at *3 (S.D.N.Y. Mar.2, 2004); *Love v. F.B.I.,* 2002 WL 2030828, at *1 (N.D.Tex. Sept.3, 2002); *Ortiz v. United States,* 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002); *Hibbert v. Apfel,* 2000 WL 977683, at *2 3 (S.D.N.Y. July 17, 2000); *Norlander v. Plasky,* 964 F.Supp. 39, 41 42 (D.Mass.1997). However, because "dismissal with prejudice is 'a harsh remedy to be utilized only in extreme situations,' " *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir.1982) (quoting *Theilmann v. Rutland Hosp., Inc.,* 455 F.2d 853, 855 (2d Cir.1972)), the Court recommends that dismissal be without prejudice, *see generally LeSane,* 239 F.3d at 209 ("*pro se* plaintiffs should be granted special leniency regarding procedural matters"); *Coleman,* 2006 WL 2357846, at *3 (dismissal without prejudice where *pro se* plaintiff could not be reached at the address he provided (citation omitted)); *Whitaker v. N.Y. City Police Dep't,* 1989 WL 37678, at *1 (S.D.N.Y. Apr.11, 1989) (same).

*Conclusion*

For the foregoing reasons, the petition should be dismissed without prejudice.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. *See also* Fed.R.Civ.P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Laura Taylor Swain, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Swain. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir.2010).

## All Citations

Not Reported in F.Supp.2d, 2010 WL 3489574

---

**End of Document** © 2019 Thomson Reuters. No claim to original U.S. Government Works.

2013 WL 252975
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Nolasco PICHARDO, Plaintiff,
v.
Dr. David KARANDY, Defendants.

No. 9:10–cv–104 (MAD/CFH).
|
Jan. 23, 2013.

**Attorneys and Law Firms**

Nolasco Pichardo, Paterson, NJ, pro se.

Office of the New York, State Attorney General, Cathy Y. Sheehan, AAG, of Counsel, Albany, NY, for Defendants.

**DECISION AND ORDER**

MAE A. D'AGOSTINO, District Judge.

**I. BACKGROUND**

*1  Plaintiff *pro se,* formerly an inmate in the custody of the New York State Department of Correctional and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Karandy, the medical supervisor at Great Meadow Correctional Facility, violated his constitutional rights under the Eighth Amendment. *See* Dkt. No. 10. Specifically, Plaintiff alleges that, on July 8, 2008, he was taken to Alice Hyde Medical Center for surgery on his left tibia and ankle, which he had injured playing softball. *See id.* at 4. The surgery was unsuccessful and resulted in nerve damage, constant pain, and numbness to Plaintiff's *See id.* at 4 5. Plaintiff was scheduled for additional corrective surgery, but it was never performed. *See id.* at 5. Upon returning to the correctional facility, Plaintiff alleges that Defendant Karandy failed to provide him with pain medication, commenting that he did not care about Plaintiff's chronic leg pain. *See id.* Moreover, Plaintiff asserts that Defendant Karandy failed to provide him with medical boots to assist with his condition. *See id.*

On November 18, 2010, Defendant Karandy filed a motion to dismiss the amended complaint. *See* Dkt. No. 26. On January 20, 2011, Magistrate Judge Homer *sua sponte* granted Plaintiff an extension of time, until February 22, 2011, to file a response to Defendant's motion and warned him that "he must also promptly notify the Clerk's Office and all parties or their counsel of any change in his address." *See* Text Order dated Jan. 20, 2011. Plaintiff did not respond to Defendant's motion to dismiss but filed a Notice of Change of Address on January 25, 2011, indicating that he was released and residing in New Jersey. *See* Dkt. No. 27.

Thereafter, Plaintiff "was parole released to the United States Immigration Services [on March 1, 2011] and deported to the Dominican Republic by the end of March 2011." *See* Dkt. No. 38 6 at ¶ 9; Dkt. No. 38 7. On March 17, 2011, Magistrate Judge Homer *sua sponte* granted Plaintiff a final extension of time, until April 20, 2011, to file opposition papers to Defendant's motion to dismiss. *See* Text Order dated March 17, 2011. Again, Plaintiff failed to respond. In a July 14, 2011 Report and Recommendation, Magistrate Judge Homer recommended that the Court grant in part and deny in part Defendant's motion to dismiss. *See* Dkt. No. 30. On August 4, 2011, the Court adopted Magistrate Judge Homer's Report and Recommendation. *See* Dkt. No. 32.

On August 16, 2011, the Court issued a Mandatory Pretrial Discovery and Scheduling Order requiring Plaintiff to produce to Defendant Karandy, by October 17, 2011, "a list [or] ... copies of any ... documents and other materials which [Plaintiff] may use to support the claims in the complaint," any documents related to the pursuit of administrative remedies, and any prior documents related to litigation previously commenced by Plaintiff. *See* Dkt. No. 34. The order also notified Plaintiff that his failure "to attend, be sworn, and answer appropriate questions" at a deposition may result in the dismissal of his action. *See id.* Plaintiff never produced any discovery nor contacted counsel. *See* Dkt. No. 38 6 at ¶ 15.

*2  On November 22, 2011, Defendant Karandy served a Notice of Deposition on Plaintiff in New Jersey for a deposition scheduled on December 7, 2011 at the Office of the Attorney General in Albany, New York. *See* Dkt. No. 38 9 at 5, 9. Plaintiff was again advised that his failure to attend may result in the dismissal of his action. *See id.* at 5

6, 10. Nevertheless, on December 7, 2011, Plaintiff failed to appear for the deposition. *See* Dkt. No. 38  9 at 6.

On April 11, 2012, Defendant Karandy filed a motion to dismiss for failure to prosecute. *See* Dkt. No. 38. On May 16, 2012, Plaintiff was served with an order granting him until June 18, 2012 to respond to the motion, advising him that his "failure to respond to defendant's motion may result in the termination of the case in favor of the defendant[.]" *See* Dkt. No. 39. Plaintiff again failed to respond to Defendant Karandy's motion.

In a Report Recommendation and Order dated September 12, 2012, Magistrate Judge Hummel recommended that the Court grant Defendant Karandy's motion and dismiss this action. *See* Dkt. No. 41. Specifically, Magistrate Judge Hummel found that Plaintiff's "failures to update and maintain a current address, produce mandatory discovery, and appear for a deposition resulted not from his immigration status, but a conscious choice." *See id.* at 5. In light of Plaintiff's actions, Magistrate Judge Hummel recommended that the Court find that all factors the Court is required to consider when deciding to dismiss a case pursuant to Rule 41(b) weigh in favor of granting Defendant Karandy's motion. *See id.* at 5 6. Alternatively, Magistrate Judge Hummel recommended that the Court dismiss this case pursuant to Rule 37(d) due to his failure to appear for his deposition. *See id.* at 6 7.

[1]    On September 4, 2012, this matter was reassigned to Magistrate Judge Hummel upon Magistrate Judge Homer's retirement.

Plaintiff did not file objections to Magistrate Judge Hummel's Report Recommendation and Order.

## II. DISCUSSION

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a *"de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error. *See Farid v. Bouey,* 554 F.Supp.2d 301, 307 (N.D.N.Y.2008); *see also Gamble v. Barnhart,* No. 02CV1126, 2004 WL

2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Having reviewed Magistrate Judge Hummel's September 12, 2012 Report Recommendation and Order and the applicable law, the Court concludes that Magistrate Judge Hummel correctly determined that the Court should dismiss Plaintiff's claims, in light of his failure to prosecute this action and his failure to comply with the Court's orders. The last time Plaintiff filed anything in this matter was January 25, 2011 when he filed a notice of change of address. *See* Dkt. Nos. 27, 28. Plaintiff repeatedly failed to respond to Defendant Karandy's motions and failed to abide by court-ordered deadlines, despite repeated extensions of time to do so. As such, the Court finds that Magistrate Judge Hummel correctly recommended that the Court should grant Defendant Karandy's motion to dismiss for failure to prosecute. [2]

[2]    The Court finds that dismissal would also be an appropriate sanction under Rule 37 of the Federal Rules of Civil Procedure for Plaintiff's failure to attend his own deposition, as well as his failure to comply with other discovery related orders. *See* Fed. R. Civ. Proc. 37. Since "courts consider the same factors applicable to Rule 41(b) when considering dismissal pursuant to Rule 37 ,] no additional analysis is necessary. *Barney v. Consol. Edison Co. of N.Y.,* No. 99 CV 823, 2006 WL 4401019, * 16 (E.D.N.Y. July 19, 2006) (citing *Banjo v. United States,* 1996 WL 426364, at *5 (S.D.N.Y. July 30, 1996)); *New Pacific Overseas Group (USA) Inc. v. Excal Intern. Dev. Corp.,* Nos. 99 Civ. 2436, 99 Civ. 3581, 2000 WL 377513, *7 (S.D.N.Y. Apr.12, 2000) (citations omitted).

## III. CONCLUSION

**\*3** After carefully reviewing the entire record in this matter, Magistrate Judge Hummel's September 12, 2012 Report Recommendation and Order, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Hummel's September 12, 2012 Report Recommendation and Order is **ADOPTED**

2013 WL 252975

in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendant's motion to dismiss pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure is **GRANTED in its entirety,** as set forth in Magistrate Judge Hummel's September 12, 2012 Report Recommendation and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in compliance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 252975

---

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

 © 2019 Thomson Reuters. No claim to original U.S. Government Works.