**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

───────────────────────────────

**RAMZIDDEN TROWELL,**

                                    **Plaintiff,**

         **vs.**                                         **9:16-CV-0466**
                                                         **(MAD/TWD)**

**GALIOTO,** *et al,*

                                    **Defendants.**

───────────────────────────────

**APPEARANCES:**

**RAMZIDDEN TROWELL**                **OF COUNSEL:**
2970 W. 24ᵗʰ St.
Apt. 15-E
Brooklyn, New York 11224
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**            **JOHN F. MOORE, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

                              **ORDER**

         Plaintiff Ramzidden Trowell, acting *pro se*, commenced this action pursuant to 42 U.S.C.

§ 1983.  *See* Dkt. No. 1.  Plaintiff is a former inmate at Greene Correctional Facility and

Defendants are corrections officers Daniel Galioto, William Saleh, Jason Guilbeault, and Jeffrey

Dolder.  *See id.* at 2-3.  In his second amended complaint,[1] the operative pleading, Plaintiff

alleges First and Eighth Amendment violations.  *See id.* at 5.

───────────────────

         [1] Plaintiff's first amended complaint was filed on November 5, 2016.  *See* Dkt. No. 13.
Thereafter, Plaintiff  made a motion to amend the amended complaint and filed a second amended
complaint on August 15, 2017.  *See* Dkt. Nos. 25 & 30.

On August 29, 2017, the Court issued a Mandatory Pretrial Discovery and Scheduling Order granting Defendants leave to depose Plaintiff. *See* Dkt. No. 37 at 4-5. Plaintiff was released from incarceration on or about October 5, 2017 and advised the Court of his new address. *See* Dkt. No. 56 at 2-3. On January 31, 2018, Defendants mailed a deposition notice to Plaintiff's address. *See* Dkt. No. 54 at 2. The deposition was scheduled for February 23, 2018. *See id.* at 2-3. Plaintiff failed to appear. *See id.* Defendants' counsel called Plaintiff and left a message. *See id.* at 3. Plaintiff never returned the call. *See id.* Defendants then filed a motion requesting the Court dismiss Plaintiff's second amended complaint or grant Defendants an extension to conduct discovery. *See* Dkt. No. 47. The Court granted Defendants the extension. *See* Dkt. No. 49. The Court ordered that "Defendants must reschedule Plaintiff's deposition" and instructed that "Plaintiff's failure to appear for the deposition as noticed may result in dismissal of the action." *Id.*

On March 29, 2018, Defendants again mailed a deposition notice to Plaintiff's address. *See* Dkt. No. 54 at 3. This second deposition was to occur on April 23, 2018 and the Court, for the second time, ordered Plaintiff to appear for the deposition. *See* Dkt. No. 53. Again, Plaintiff failed to appear for the deposition. *See* Dkt. No. 54 at 4. Defendants moved, for the second time, to have the case dismissed. *See* Dkt. No. 54. In a January 30, 2019 Report-Recommendation and Order, Magistrate Judge Therese Wiley Dancks recommended the Court grant Defendants' motion and dismiss, with prejudice, Plaintiff's "second amended complaint pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure." Dkt. No. 56 at 9. Neither party has filed objections to Magistrate Judge Dancks' Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the

district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed the Report-Recommendation and Order, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Dancks correctly determined that the Court should grant Defendants' motion to dismiss.

First, Magistrate Judge Dancks correctly determined that dismissal was warranted under

Rule 41. When deciding whether to grant an involuntary dismissal under Rule 41, courts must

consider the following five factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had
> received notice that further delays would result in dismissal, [3]
> whether the defendant is likely to be prejudiced by further delay, [4]
> whether the district judge has taken care to strike the balance
> between alleviating court calendar congestion and protecting a
> party's right to due process and a fair chance to be heard, and [5]
> whether the judge has adequately assessed the efficacy of lesser
> sanctions.

*Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999) (quoting Nita v. Connecticut

Dep't of Envtl. Protection, 16 F.3d 482, 485 (2d Cir.1994)). Here, the record makes clear that,

upon his release from prison, Plaintiff has repeatedly failed to prosecute this action and comply

with orders of the Court. *See* Dkt. No. 56 at 6-7. Plaintiff was notified that his failure to comply

may result in dismissal. *See* Dkt. No. 49. Any further delay in these proceedings would greatly

prejudice Defendants and unnecessarily congest the Court's docket. *See* Dkt. No. 56 at 7-8.

Although such a dismissal is a "harsh remedy," no sanction less drastic would be appropriate. *See*

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996); Dkt. No. 56 at 8.

Second, the Court agrees that dismissal is also proper under Rule 37. *See Valentine v.*

*Museum of Modern Art*, 29 F.3d 47 (2d Cir. 1994) (holding that dismissal under Rule 37 was

proper where a defendant fails to comply with a court order demanding his appearance at

deposition); *Phelan v. Campbell*, 507 Fed. Appx. 14 (2d Cir. 2013) (affirming dismissal of a *pro*

*se* complaint pursuant to Rule 37 for plaintiff's failure to submit to a deposition).

Lastly, as Magistrate Judge Dancks correctly determined, the dismissal should be with

prejudice. "[D]ismissal with prejudice may be imposed even against a plaintiff who is proceeding

4

*pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine*, 29 F.3d at 50. Here, Plaintiff was given such warning. *See* Dkt. No. 49.

Upon review of the Report-Recommendation and Order and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Dancks's Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated herein; and the Court further

**ORDERS** Plaintiff's second amended complaint is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 19, 2019
      Albany, New York

Mae A. D'Agostino
U.S. District Judge